# 15 CV 01657

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Alberto    Batista    Jr
---
N.Y.S.I.D  # 6082237-j
---

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Mr, Joseph Ponte Commissioner
---
New York City Department of Corrections
---
---
Corizon Prison Health Service
---
---
---
---
---
---

*(In the space above enter the name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No

(check one)

---

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name   Alberto    Batista    Jr
             ID #   241 10 11783
             Current Institution   Brooklyn Detention Centre
             Address   275 Atlantic Avenue
                       Brooklyn , New York . 11201

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name   Joseph Ponte Commissioner            Shield # _____
                   Where Currently Employed   New York City Corrections
                   Address   75 20 Astoria Blvd
                             Jackson Hights , New York . 11370

*Rev. 05/2010*                                1

RECEIVED
PRO SE OFFICE

Defendant No. 2    Name **Corizon / Prisoner Health Services .**
Where Currently Employed **N.Y.C Department of Corrections**
Address **49-04  19th Avenue**
**Astoria , New York . 11105**

Defendant No. 3    Name **Correction Oficer Wayne**    Shield # **N/A**
Where Currently Employed **Otis Bantum Correction Center**
Address **1600 Hazen Street**
**E. Elmhurst , New York 11370**

Defendant No. 4    Name **Correction Oficer Lewis**    Shield # **N/A**
Where Currently Employed **Otis Bantum Correction Center**
Address **1600 Hazen Street**
**E. Elmhurst , New York . 11370**

Defendant No. 5    Name **Corrizon staff , and Agents**    Shield #
Where Currently Employed **Otis Bantum Correction Center**
Address **1600 Hazen Street**
**E. Elmhurst , New York . 11370**

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In   what   institution   did   the   events   giving   rise   to   your   claim(s)   occur?
**O.B.C.C , and G.R.V.C Correctional Facilities**

B.    Where   in   the   institution   did   the   events   giving   rise   to   your   claim(s)   occur?
**O.B.C.C 4-Lower Unit 1-West Unit G.R.V.C 11-A unit**

C.    What   date   and   approximate   time   did   the   events   giving   rise   to   your   claim(s)   occur?
**From 11/2011 til 4/24/2014**

*Rev. 05/2010*                                    2

D.     Facts: Plaintiff will allege that defendants have not met plaintiffs right to care costody, and control. Plaintiff will show that defendants have acted negligently, and with delibarate indiffrence towards plaintiffs safty, medical care, and treatment to injury substained in fall..

Plaintiff was housed in 4 lower housing unit in the Otis Bantum Correction Center a facility ran by defendant New York City Department of Correction.. For over one month before this plaintiffs acident defendant was aware that the housing unit bathroom area drainage system was not working properly to wit when showers were used the whole bathroom common area became flooded causing hazard in said area.. Defendant N.Y.C.D.O.C further left above mention hazard to exist until 6/25/2013 well over one month after hazard had caused plaintiff to slip fall and brake bone in right hand.. ( See 4 lower facility log book entry for 6/25/13 )

Statement of incident are as followed on 5/22/13 in O.B.C.C 4 lower housing unit while readying myself for court I slipped and fell in puddle of water that had excessively accumilated in the bathroom common area braking bone in right hand.. After my fall I informed  officer Wayne working the unit B post that I hurt myself when I fell in bathroom common area at which time  I was cut off by the officer doing the court run officer Lewis. Officer lewis went on to tell officer Wayne to pay inmate Batista no mind that inmate Batista is just looking to get out of going to court.. At which time right then officer Lewis gave me

a direct order to wait in the hallway area which plaintiff complied.. Plaintiff was thereafter escorted by said officer to facility intake area for court process, while at intake area plaintiff was sent to clinic area to receive his morrning medication at which time he told medical saff dispensing medication about his injury nurse looked at plaintiffs hand, and just stated to plaintiff to sign up for sick call when he got back from court.. While at court plaintiffs injured hand got really swollen and plaintiff expirianced a lot of pain.. Upon plaintiffs return from court plaintiff told officer Johnson working 4 lower B post about his injury officer called clinic area and told medical staff of the situation only to be told that clinic area were really busy and to let plaintiff know to sign up for sick call for the following day..

On the evening of 5/23/13 sick call was announced at which time plaintiff made his need to go known to the officer.. Upon the annoucement of sick call walking out plaintiff witnessed inmate Mark Johnson B/C # 349-12-19124 tell the officer working the B post that he needed to go to sick call because he felt sick, inmate Johnson was told by the officer doing the sick call run officer Lewis that he was not on the sick call list so he could not go to sick call.. Inmate Johnson again stated he was feeling sick, that he was deficating blood at which time officer Lewis stated she did not care he was not on the list so she was not going to allow him to go to sick call.. Plaintiff told officer Lewis that inmate Johnson was really sick to which officer told plaintiff to mind his business and wait in the hallway area

3-2

shortly after plaintiff was escorted to clinic area.. Plaintiff
strongly alleges that defendants lack of care, and concern with
the failure to provide inmate johnson with prompt, adaquit med-
ical tratment in timely fashion led to inmate Johnson demise on
5/27/2013

       Upon arrival to clinic plaintiff found about six
to eight inmates already waiting for sick call.. Plaintiff sat in
waiting area for over two hours and noticed that no one was being
seen for sick call services after a short time later nursing sta-
ff told plaintiff that the doctor on call was only doing the new
admissions.. Plaintiff was further told he had two choices one go
back to housing unit and look to do sick call services early the
next day, or stay get stuck in facility count in intake cells til
doctor was done with the new admission inmates.. Plaintiff chose
to go back to housing unit only because plaintiff knew he had to
do blood work the following morrning and could seek the medical
attention he saught then.. Plaintiff will allege defendant
Corizon/ P.H.S are short staffing facility doctors creating un-
safe staffing levels compromising quality care, and safty of
plaintiff and his peers.. ( See exhibit D )

       On 5/24/2013 plaintiff was called to clinic area
for blood work at which time plaintiff showed doctor on call his
injured hand at which time said doctor ordered the clinic officer
officer Mott to call plaintiff area supervisor and have a injury
report generated so plaintiff could be seen, and treated for the
injury to plaintiffs hand.. Afterwards plaintiff was ordered out

for X-rays at urgent care where plaintiff was told after X-rays
that his hand had a broken bone.. Plaintiffs hand was placed in a
partial cast, and plaintiff was further told by urgent care doct-
or that plaintiff will  go  to Bellevue hospital in one week for
apointment to see a hand specialist for treatment for broken hand

On 5/28/2013 plaintiff submitted grievance to
grievance office at Otis Bantum Corection Center, and wrote lett-
ers to Corizon/P.H.S, Dr Latunji facility medical services admin-
istrator, and to Department of Correction Commissioner Dora
Schriro about correctional staff, and medical staff failure to
provid plaintiff with prompt medical service for broken bone in
in right hand substained in fall on 5/22/2013.. Facility never
responded to plaintiffs request for grievance hearing, and the
defendants never responded to letters writen to them on said date

On 5/31/2013 plaintiff showed officer Peters
working 4 lower B post after getting out of the shower that the
bathroom common area was flooded in the same way that caused the
plaintiff to slipp fall, and brake his hand on 5/22/2013 since
officer Peters was the same officer that took plaintiff to urgent
care on 5/24/2013 officer knew of how plaintiff broke hand, said
officer upon seeing flooded bathroom area called his area captain
reported flooded area.. Officer Peters was told to have housing
area porters mop up flooded area, and put in a work order request
in work order log book.. Plaintiff will allege that defendant
continued to act with delibarate indiffrance to plaintiffs safty
by allowing hazardest condition to go unchecked even after plain-
tiffs acident ..

3-4

On 6/19/2013 plaintiff was sent to Bellevue to be seen by hospital hand specialist, at which time hand specialist clearly stated to plaintiff that defendants should of had sent plaintiff to see the hand specialist one week after acident but since N.Y.C.D.O.C, and Corizon/P.H.S did not follow the urgent care doctor that first treated plaintiff recomendation on 5/24/2013 the only thing hand specialist could do was place hand in a permenant cast, and see how the broken bone heals on it's own but in his opinion plaintiffs hand will never be the same.. that plaintiff will surely develope atritis, and suffer pain in broken bone when ever it rained.. ( see exhibit C )

On 6/20/2013 plaintiff submitted a Corizon Health Service complaint form, and also wrote letters to Dr, Latunji facility medical administrator, N.Y.C.D.O.C Commissioner Mrs, D. Schriro to comlaint of defendants delibarate indiffrence towards providing medical treatment for plaintiffs broken hand.. said parties never responded to plaintiffs letters or to the Corizon Health service Comlaint Form submitted on said date..

Plaintiff will allege that defendant N.Y.C.D.O.C further allowed hazardest flooding in bathroom common area to continue until 6/25/2013 until flooding became so bad that on said date officer working the 4 lower B post had to call facility plumers due to the water reaching her desk area.. Officer furguis called area captain Lee, and said area supervisior made facility maintanence come to housing unit and snake out clogged drainage system.. Officer Furguis made notation in housing unit log book on 6/25 at 12:20..

PLAINTIFFS CLAIM OF DEFENDANTS
CREATION AND MAINTIANCE OF
UNSAFE PREDITORY ENVIORMENT
ALONG WITH UNLAWFULL RETALIATION
TACTECTS COMMITTED BY ITS STAFF


Plaintiff will state that Department of Correction , and
Corizon Medical Provider on and after the closure of Bellvue -
hospital after super storm Sandy caused Mental Health housing
units to become an unsafe , and preditory enviorment for plaintif
and his peers who were housed there beause they suffer from forms
of mental health symptoms ..

Defendants housing violent disciplinary unit inmates  -
along with non-violent non-disciplinary inmates who suffer from a
veriaty of mental health illnesses created an unsafe preditory
enviorment for plaintiff , and other because said C.P.S.U imates
come into the mental health housing unit and subject plaintiff ,
and his peers to violent acts of extortion , theft of property .
and assaults , cuttings , slashings .. Since the fall of 2013 to
the presant day the introduction of C.P.S.U inmates on suicide
watch , and the subsiquent hold over and housing with regular -
mental health unit inmates such as plaintiff has caused plaintiff
mental health illness (ie) Parinoia , Insomnia , Anxiety , and
depression to get worst while plaintiff was housed in the mental
health unit .. Since the introduction of C.P.S.U inmates into -
said housing units said units have recorded a increase of violent
acts perputrated by the influcs of said violent inmates who have

3-6

used faking suicide as a escape mechanizim out of C.P.S.U ..

Defendant Department of Correction has blindly allowed it's staff to engage and subject plaintiff and peers to retaliatory practices .. On May 30th 2013 plaintiff witness incidents between mental health housing unit inmate Luis Cedeno B/C 141 12 12221 , N.Y.S.I.D No 6173792R , and officer PPierre assigned to the messhal plaintiff witnessed said officer threaten pysycal injury to inmate Cedeno Luis  .. Later on that night inmate Cedeno suffered problems with his telephone acccess # this problem continued until the next day upon where inmate Cedeno was forced to act out to get his pin # changed due to his original access number changed by staf as a way to retaliate against him for exchanging words with officer in the messhall .This is not the first time plaintiff witness this type of retaliation by correctins staff , plaintiff previously - recalls witnessing same staff misconduct pupatrated against inmate Victor Garvalo B/C 895 11 01279 , in Garvalo incident it was a officer Johnson who not only changed inmates access number , but also gave it out to some other inmate to use and defraud inmate garvalo out of personal inmate funds held in his Department of - Correction account .. This action was taken by officer Johnson after a argument with inmate Garvalo over said officer not will- ing to despence toilet tishue while said officer was in the unit A-post .. Inmate Garvalo also had to act out to get his access # changed , but in his case he was infracted for acting out to get unit supervisor to come to unit to address the issue .. Plaintiff served as a witness at Garvalo's disciplinary hearing . Defendant Department of Corrections has also allowed it's staff to engage in a peter pay for paul mentality after any incidents

in the facility like fights even after inmates involved in incident are extracted , and moved the housing unit is put on burn , and - are forced to indure searches for none other then a retalitory tactect of peter pay for paul .. Plaintiff and his peers at inamte counsel have made this patern known to Warden , and his staff at the counsel meetings to no avail this type of retaliatory tactict are still being allowed to continue as un-writen rules to control inmate population ..

Plaintiff will further allege that Department of Correction has under staff mental health housing unit , as well as other units that require escorts for program movements .. This has caused this plaintiff to be denied basic rights of Jewish services , Law library services , Sick call services , and most seriously right to his morning medication this while in !-west .. This issue is a result of officers being assigned to escort post , and area super-visors taking said officers off post to cavor other areas on a regular basis .. This conduct has been addressed in multiple - Grievances by this plaintiff as well as brought up in several - inmate counsel meeting with facility executive staff Warden etc;

Plaintiff will also allege that defendant Corrizon has also understaff , and ill eqipt it's staff to handle the needs of this plaintiff and his peers who suffer from mental health illness Corizon has failed to provide spanish speaking staff not only in the general clinic area , but most seriously alleged in it's - mental health unit .. Currently mental health staff at O.B.C.C and as well as G.R,V.C has been using plaintiff and his peers as interpreters between staff , and inmate patient population whom

3-8

only speak spanish or as plaintiff who's first languge is spanish plaintiff will allege this practice deprives non-bilingual inmate of there rights to privacy between them , and health care provider ..

Plaintif will further allege that Corizon has hired , and allowed staf to hold jobs to which they were not certified to hold by the New York State Department of Mental Health which in this case subjected plaintiff with substandard mental health care , and treatment when plaintiff most needed .. Plaintiff will state that Corizon  clinition assigned ( Mr, Davis ) from 2010-2012 was not certified to work as unit clinition as Corizon had allowed - her to do so thus creating a substandard in plaintiff's care and treatment .. Plaintiff will assert that Corizon has created a unsafe preditory enviorment that only meets the basic needs of providing medication , but not provides plaintiff with any - theraputic services .. Plaintiff has tried to participate in the therapy groups offered at the mental health units , by the current therapist in O.B.C.C , and while at G.R.V.C , but the C.P.S.U / suicide watch inmates have caused a disruption to therapy groups on a continous basis at O.B.C.C , and G.R.V.C depriving plaintiff and his general non-S.H.U/Suicide watch peers to productive group sessions said other inmates being housed with plaintiff makes it impossible for plaintiff to get help for his mental health illness via group sessions etc; Plaintiff will state that clinitions are being kept from participating in groups by inmate whom fake mental health illnesses only to remain out the S.H.U unit , also due to said type inmates introduction some mental health staff have also refused to do groups due to fear of assaultive behavior by violent

3-9

suicide watch , and box release inmates ..

Plaintiff will also state  that defendants Department of -
Correction officers Romain , and phelps sold scalples to violent
gang members while working at O.B.C.C S.H.U these same violent
gang members used said weapons to extort plaintiff causing this
petitioner to live in a constant state of fear while in facility
mental health housing unit .. Plaintiff will asert that N.Y.C.
Department of Corrections has failed to supervise it's employees
and that said departments employees are still not being searched
properly to insure that they do not introduce contriban into the
N.Y.C jail system officers in correcnt facility Brooklyn House
of Detention are always on there personal cell phone a item to
wit is contraband ..

Plaintiff will further state that the defendants in this
complaint have in consert created a R.M.U program that has in
it's creation caused the N.Y,C jails mental health units to be
a haven for violent gang members whom fake mental health illness
to avoid doind long punitive seragation time by using the R.M.U
program which insure said violent inmates no matter what time
they receive via disciplinary sanctions only end up doing less
then 6o days .. This program created in good faith has turned all
mental health housing unit into a preditory violent enviorment
for plaintiff , and his peers whom unit is truly intended for ..
Even defendants own staff unions have stated such . Also the
N.Y.S O.S.H.A report released on 8/2014 found that Corizon expose
it's staff to a violent work enviorment ..

3-10

Plaintiff will also allege that both defendant allowed it's staff
to engage in direct retalitory actions against plaintiff when -
plaintiff tried to address issues he was forced to endure that
that showed Corrizon , And Department of Corrections staff in a
bad way .. Plaintiff was made a target of retaliation soon after
he slipped in housing unit and broke his hand .. Like plaintiff
stated erlier in this complaint  defendants staff compounded ,
and made worst plaintiffs injury by not giving pomp medical care
as mandated .. On 6/23/13 defendant N.Y.C D.O.C sent to this  -
plaintiff Cap, Clifton to get a new inmate statement from plain-
tiff with the claim that the original statement form from 5/24/14
was misplaced .. Plaintiff told how the units flooding bathroom
problem lead to him slipping in puddle of water , and him braking
his right hand , plaintiff also told said Capt , Cliford how the
officer working the B-post was told by the escot officer to not
pay any mind to plaintiffs claim of injury at which time said
Captain stated to plaintiff she was not going to write that on the
the injury statement form and that to be carefull  to whom plain-
tiff tells that to because things can get really unconfterable
for him .. That incident left plaintiff feeling treatend ..

On 6/27/13 a incident happend in the plaintiffs unit to
wit plaintiff was falsly accussed of having participated in a -
assault on a other inmate even though plaintiff had a officer -
that worked the unit tell the investigation Captain Wright that
she was with the plaintiff and was sure plaintiff was not invol-
ved in the incident .. Plaintiff was placed on pre hearing deten-
tion and sent to the G.R.V.C S.H.U after a disciplinary hearing
plaintiff was found not guilty of misbehavior report , but upon

3-11

his return to O.B.C.C defendents staff acted inconcert to keep
plaintiff off the mental health unit as a retalitory tactect for
plaintiff ingaging in writing grievances , and seeking to expose
the wrongs happening in the mental health housing unit . Upon his
return from the S.H.U after beating his disciplinary plaintiff -
was cleared for general population after spending more then two
years in the mental health housing system .. plaintiff was forced
to be housed in the facilities worst housing unit at that time
3-nort .. Shortly after that said housing unit was closed down ,
and plaintiff was re-housed in 1-west which shortly after his -
arival on said unit was coverted to a Segragated Housing Unit ..
Plaintiff was kept in Segragated Housing Unit even tho he did
not meet the requierments to be housed in such housing status ..
Plaintiff will allege that this was a continuation on defendents
staff retaliation towards plaintiff .. While in 1-west due to
the facility under staffing units escort officer was regularly
taken off post , and used in other facility post leaving said
unit without escort officer which caused plaintiff to be denied
getting his morrning medicatin for seizures , and his bi-polar
medication .. This continued on a regular basis even after plain-
tiff grievaces , and constant complain to medical staff , this
issue got so bad that mental health staff had no other choice
then to admit plaintiff back to mental health housing unit only
to kick plaintiff off the unit after plaintiff continued to be
a thorn in staffs side by keeping to champion for changes in the
unit via grievances , writing to Prisoners Legal Rights etc . it
got so bad that during the month of January 2014 Corrections staf
changed plaintiffs phone pin access number multiple times as a
retalitory tacttict which this writer also grieved multiple times

3-12

to na avail .. Even Prisoners legal Services got involved with
this issue .. On 3/23/14 plaintiff was moved to G.R.V.C mental
health housing unit only to find the same problems of the un
checked housing of violent inmates with non-violent mentally ill
inmates to be happening there .. Plaintiff again began his one
man campaine to seek to adddress this issue via grievances etc;
In G.R.V.C officer sough to control violent inmates by keeping
them locked in there cells , only to have mental health staff
tell them they must let said indaviduals out .. On two ocations
pklaintiff witneesed this , and as soon as officers complied -
with mental health staff instuctions said inmates upon coming
out of there cells comenced to assault inmates , and Correction
staff .. First incident plaintiff witness was with a inmate -
LOpez , the second with inmat Simmons in both cases unit off-
icer Herrea tried to warn Corizon staff not to let said inmate
out of cell to no avail .. After plaintiff started writing his
grievances at G.R.V.C he was sudduntly moved , and cleared from
the mental health unit as a way to quiet him in his quest to
expose the wrongs committed in the mental health housing units
he was being housed in .. The plaintiff has recorded , and enclos
-ed all grievances , letters to multiple parties looking to -
address all his issues . In fact plaintiff will asert while in
O.B.C.C his grievances were rutinely ignored .. It took the
removal of grievance staff to make the grievance process at that
facility to be fixed .. Plaintiff exauhsted all his administrative
recorse to na avail ..

3-13

Plaintiff will further contend that while in B.K.D.C that Corison
as a cost cuttuing measure has under cut this plaintiff's right
to adaquit pain medication for his constant back pain as well as
for the pain in his right hand which defendant Corison is knows
that plaintiff has a shattered knuckle in , and due to plaintiffs
working with buffers and the storage of heavy boxes and other -
supplies he is made to carry causes this plaintiff to need pain
medication ! Defendant as a cost cutting measure has taken this
plantiff off of T#3 , and given him a medication no better then
advil .. Plaintiff has made numerous request to be seen by a pain
managemant doctor to no avail . Once again this plaintiff will
ascert that defendant Corison has provided this plaintiff with a
sub-standart regiment to his ailment .. Plaintiff will contend
that defendant Corison has not met it's requirment under the
patients bill of rights for detainee's in which it states that a
detainee is ehtitile to the same care as when he was at liberty ,
but due to cost cutting measures Corison has failed to do so by
under staffing it's emplyee's , and also restricting it's doctors
to which medication to prescribe and not to priscribe ! Plaintiff
had a facility doctor start giving him T#3 for his pain for over
a month to only be told after a month to stop giving plaintiff
that medication , and start giving a cheaper non effective one in
it's place . Plaintiff will allege that due to this action the -
defendant Corison has cause plaintiff to suffer undue hard ship
for no other reason then as a cost cutting measure . Plaintiff
has sought all administrative remedies to this problem to no avail

3-14

This petitioner will allege that the defendants actions as de-
scribe exposed petitioner to crule and unusual punishment along
with violating this petitioners rights under the American with
disability act .. Petitioner was exposed to a violent preditory
enviormant because said petitioner suffered from mental ilness
and was held in a unit designated for inmates with mental  -
health needs ! Both defendants acted in consert with eachother
to create and maintain a unsuitable inviorment for persons whom
suffer from a disability in this case some form of mental illness
Patitioner will end this complaint with the acertion that both
defendants violated his civil rights by exposing him to Crule ,
and Unusual Punishment due to petitioner not being able to pay
a court imposed bail of 250,000.00 $ and that his rights where
violated under the Americans with disability act by Corizon's
action to safe guard it's mentally ill patiants , and also it's
understaffing practices along with it employing staff to hold
positions said indaviduals where under qualified to hold .. .

iii.        Injuries

If you sustained injuries related to the events above , describe
them and state what medical treatment , if any , you required
and received .

        Plaintiff broke right hand in his slip and fall .
Plaintiffs hand had to be placed in a cast , and after wards -
submitt to physical therapy ..

        Plaintiff suffered due to unsafe preditory   -
conditions created by defendant aggravation to his mental health
state during his housing in M.H.U unit .. Plaintiffs medication
on numerous occations had to be raised , and ajusted .. Plaintiff
suffered needlessly of bouts of depression , bouts of paranoia ,
and bouts of insomnia to exposure to abnormally violent inmates .

iv. Exhaustion of Adminisrative Remedies

The prison Litigation Reform Act no action shall be brought with
respect to prison conditions under section 1983 of this title , or
any other federal law . by a prisoner confined in any jail , prison
or correctional facility until such remedies as are available are
exhausted ..

A. Did your claim arise while you were confined in a jail or other
   correctional facility

        Yes  XX         No  _____

3-16

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). **O.B.C.C , G.R.V.C , B.K.D.C**

**Facilities ran by N.Y.C.D.O.C**

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **XX**      No ____      Do Not Know ____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes **XX**      No ____      Do Not Know ____

If YES, which claim(s)? **Injuries, negligence of doctors & officers**

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes **XX**      No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____      No ____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? **Otis Bantum Correction Center & Corizon/P.H.S**

1.   Which claim(s) in this complaint did you grieve? **Injuries, failure to treat in timely fashion & Creating Unsafe Prditory Enviorment**

2.   What was the result, if any? **Defendant never responded to grievances or to writen complaints via letters mailed to defendants..**

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. **Wrote to facility warden, Corizon, Executive director of Grievance, & Commissioner of N.Y.C.D.O.C Dora Schriro, Facility Medical Administrator Dr, Latunji, & New York City Board of Corrections, along with multiple Prison Health Service Complaint Forms**

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

_____

2.   If you did not file a grievance but informed any officials of your claim, state who you

when and how, and their response, if any: _____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies. _____
_____
_____
_____
_____
_____
_____

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount). Plaintiff seeks 100.000.00 for the
injury to plaintiffs hand from his slip , and fall .. 100.000.00
for pain , and suffering , 100.000.00 for medical malpractice ..
100.000.00 for plaintiffs deliberate indiffrence towards plaintiffs
medical treatment .. 1.000.000.00 for defendants creation of unsafe
preditory eviorment within Mental Health housing unit .. Plaintiff
will also seel 1.000.000.00 for punitive damages for the defendants
continued matinance of violent preditory inviorment by defendants
acting in cocert , and turning a blind eye to plaintiffs suffering
after plaintiffs multiple grievances and other formal writen -
complaints .. Plaintiff will also request that defendants inact a
policy that will screen violent mental health inmates , and house
said inmates seperet from non-violent ones such as plaintiff in
such safe guarding it's fraile , and vulnerable mentaly ill inmate
population from being preyed on by it's violent ones .. Along with
Attorny , and court fee's ..

## VI.   Previous lawsuits:

On these claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
     action?

     Yes ____   No XX

*Rev. 05/2010*                    5

　
B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

         _____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____  No _____

         If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

         _____

         _____

| On other claims |

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes _____   No __XX__

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

         _____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case _____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____  No _____

         If NO, give the approximate date of disposition _____

    7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

*Rev. 05/2010*

6

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _26th_ day of _Feburary_, 20_15_

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Inmate Number | 241 10 11783 |
| Institution Address | 275 Atlantic Avenue |
|  | Brooklyn , New York . 11201 |
|  | _____ |
|  | _____ |

**Note:**   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _26th_ day of _Feburary_, 20_15_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____